IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRICAL BENEFIT FUND,  )
2400 Research Boulevard                         )
Rockville, Maryland 20850,                      )
                                                              )
                        Plaintiff,                           )
                                                              )
            v.                                                )        Civil Action No.  8:17-cv-3339
                                                              )
LINDQUIST ELECTRIC, CO.,                     )
an Illinois corporation,                             )
983 Great Falls Drive,                              )
Volo, IL 60073,                                       )
                                                              )
                        Defendant.                        )
_____)

## COMPLAINT

1.      This is an action brought by the Trustees of a multiemployer pension plan, the

National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent pension fund

contributions and related amounts from Defendant Lindquist Electric Co., and to compel

Defendant to provide NEBF's auditor with access to payroll records as Defendant is required to

do under the provisions of its Collective Bargaining Agreement and the NEBF plan documents.


## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this matter pursuant to Section 502(e) of the

Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C.

§ 1132(e).  This action is brought by fiduciaries to the NEBF and arises under Sections 502(a)(3)

and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.  Venue is proper because the NEBF is

administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-

Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a Collective Bargaining

Agreement between an employer and a labor organization.


PARTIES

4.      The NEBF is a multiemployer employee pension benefit plan within the meaning

of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement

entered into between the International Brotherhood of Electrical Workers ("IBEW") and the

National Electrical Contractors Association ("NECA").  Employers agree to participate in the

NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local

unions.  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland

20850-3238.

5.      Defendant is an employer engaged in an industry affecting commerce, is

contractually and legally obligated to submit contributions to the NEBF, and is an employer within

the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief,

Defendant is an Illinois corporation whose business address and main place of business is 983

Great Falls Drive, Volo, IL 60073.

## STATEMENT OF CLAIM

6.      Defendant is a signatory, and has been a signatory during all relevant periods to one or more collective bargaining agreements (the "Collective Bargaining Agreement") with IBEW Local Union 134 as the collective bargaining representative of Defendant's employees.  Pursuant to the Collective Bargaining Agreement, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreement.

7.      Defendant, pursuant to the Collective Bargaining Agreement, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8.      The Collective Bargaining Agreement and the Trust Agreement provide that signatory employers are required to forward a completed monthly payroll report and payment of 3% of the gross monthly labor payroll paid to all covered employees to the NEBF's designated local collection agent in such a manner as to be received by NEBF not later than fifteen (15) calendar days following the end of each calendar month during which the covered work is performed.

9.      The Collective Bargaining Agreement and the Trust Agreement give NEBF the right to audit signatory employers in order to determine whether the employer complied fully with its obligation to the NEBF.

10.     For all periods relevant to this action, Defendant failed to file monthly payroll reports for within the time required by the Collective Bargaining Agreement and the Trust Agreement.

11.     NEBF received monthly payroll reports from Defendant in September 2016 and June 2017 for work performed during the months June 2015 to November 2015, and February 2016 to December 2016.

12.     The aforementioned monthly payroll reports were not accompanied by the corresponding payments.

13.     According to the amounts reported by Defendant on the aforementioned monthly payroll reports, at least $4,172.39 in contributions are due NEBF for the work performed by Defendant's covered employees for the months June 2015 through December 2016.   However, the full extent of Defendant's breach cannot be determined without access to its books and records.

14.     Following receipt of the untimely, and unfunded, monthly payroll reports, NEBF has requested that Defendant submit its payroll records for the periods January 1, 2014 through December 31, 2016, for an audit.

15.     Defendant has failed and refused to provide the requested records.

16.     Pursuant to the Collective Bargaining Agreement, the NEBF Trust Agreement and/or 29 U.S.C. § 11132(g)(d)(2), Defendant is obligated to pay attorney fees, auditor fees, and court costs incurred by the NEBF in connection with the audit and this action to compel compliance.

17.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

18.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

19.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

20.     According to the Collective Bargaining Agreement, the Employees Benefit Agreement, and/or 29 U.S.C. § 11132(g)(D)(2), Defendant is obligated to pay any contributions shown to be due upon completion of the audit, plus interest at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in their favor, and that the Court's judgment require:

(a)     $4,172.39, representing unpaid delinquent contributions currently known to be due NEBF;

(b)     $741.50, representing interest on the aforementioned delinquent contributions, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c)     $834.48, representing liquidated damages in the amount of 20% of the delinquent contributions due and owing the NEBF;

(d)     that Defendant provide NEBF with access to its payroll records within 10 days hereof for the period January 1, 2014 through December 31, 2016, so that the necessary compliance review can be completed;

(e)     that Defendant be ordered to pay all contributions shown to be due and owing upon completion of NEBF's compliance review;

(f)     that Defendant be ordered to pay liquidated damages in the amount of 20% of  the contributions shown to be due and owing;

(g)     that Defendant be ordered to pay interest on all contributions shown to be due and owing at the rate of 10% per annum; and

(h)     that Defendant be ordered to pay the legal and auditor fees and costs incurred by NEBF in connection with this action.


Plaintiff further prays that the Court grant such other legal and equitable relief as the Court deems appropriate.


Dated:  November 9, 2017                    /s/  Jennifer Bush Hawkins
                                            Jennifer Bush Hawkins  (13064)
                                            POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
                                            900 7th Street, N.W., Suite 1020
                                            Washington, DC 20001
                                            Phone:  (202) 223-0888
                                            Fax:     (202) 223-3868
                                            jhawkins@phk-law.com

                                            Attorney for Plaintiff
                                            National Electrical Benefit Fund